# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-923V
Filed: October 15, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| STEPHANIE NWALA and | * | |
| EMMANUEL NWALA, as parents and | * | UNPUBLISHED |
| natural guardians of C.N., a minor, | * | |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Oculomotor Nerve Palsy; |
| v. | * | Hepatitis A ("Hep A"), Measles |
| | * | Mumps Rubella ("MMR"), |
| | * | and Varicella Vaccines. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Diana Stadelnikas, Esq.*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Gabrielle Fielding, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On August 2, 2016, Stephanie and Emmanuel Nwala ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program, as parents and natural guardians of their minor son, C.N.[2] Petitioners allege that C.N. developed oculomotor never palsy

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of the right eye after receiving the hepatitis A, measles mumps rubella ("MMR"), and varicella vaccinations on January 15, 2014. Stipulation, filed October 15, 2018, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused C.N.'s injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On October 15, 2018, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

A. **A lump sum of $3,000.00 in the form of a check payable to petitioners, Stephanie Nwala and Emmanuel Nwala.** This amount represents compensation for past unreimbursable expenses.

B. **An amount sufficient to purchase the annuity contract described in ¶ 10 of the Stipulation,** paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of C.N., pursuant to which the Life Insurance Company will agree to make **three certain lump sum payments** to C.N. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

   a. $49,418.83 payable in a certain lump sum on December 15, 2030,

   b. $55,226.40 payable in a certain lump sum on December 15, 2033,

   c. $61,461.02 payable in a certain lump sum on December 15, 2036.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEPHANIE NWALA and EMMANUEL NWALA, as parents and natural guardians of C.N., a minor,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | )<br>)<br>)<br>)<br>)  No. 16-923V<br>)  Special Master Roth<br>)<br>)<br>)<br>)<br>) |

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, C.N., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to C.N.'s receipt of the hepatitis A, MMR, and/or varicella vaccine(s), which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. C.N. received his immunizations on January 15, 2014.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccines caused C.N. to suffer from oculomotor nerve palsy of the right eye, and that C.N. experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of C.N. as a result of his condition.

6. Respondent denies that the vaccines caused C.N. to suffer from oculomotor nerve palsy of the right eye or any other injury.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. §300aa-15(a):

> a. A lump sum of $3,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Stephanie Nwala and Emmanuel Nwala; and,

> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

> b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

> c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

> d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of C.N., pursuant to which the Life Insurance

2

Company will agree to make three certain lump sum payments to C.N. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

a. $49,418.83 payable in a certain lump sum on December 15, 2030.

b. $55,226.40 payable in a certain lump sum on December 15, 2033.

c. $61,461.02 payable in a certain lump sum on December 15, 2036.

The payments provided for in this paragraph 10 shall be made as set forth above.  Should C.N. predecease any of the certain lump sum payments set forth above, any remaining certain lump sum payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of C.N.'s death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

3

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of C.N. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of C.N., on behalf of themselves, C.N., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et

seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of C.N. resulting from, or alleged to have resulted from, the vaccinations administered on January 15, 2014, as alleged by petitioners in a petition for vaccine compensation filed on or about August 2, 2016, in the United States Court of Federal Claims as petition No. 16-923V.

17. If C.N. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the hepatitis A, MMR, and/or varicella vaccine(s) caused C.N. to suffer oculomotor nerve palsy of the right eye or any other injury or condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of C.N.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

6

Respectfully submitted,

PETITIONER:

_Stephanie Nwala_
STEPHANIE NWALA


PETITIONER:

_EMMANUEL NWALA_
EMMANUEL NWALA


ATTORNEY OF RECORD FOR
PETITIONER:

For: DIANA L. STADELNIKAS, ESQ.
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (941) 952-5242


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Ward Sorensen for_
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857


AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

Ilene Albala   Gabrielle M. Fielding
Trial Attorney  Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655


Dated: ___October 15, 2018___